**IN THE CIRCUIT COURT FOR PUTNAM COUNTY, TENNESSEE**
**AT COOKEVILLE**

| | | |
|---|---|---|
| **RAYMOND GRAY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.** 2026-CV-127 |
| | ) | **JURY DEMANDED** |
| **WALMART, INC., WAL-MART STORES EAST, LP, and WAL-MART REAL ESTATE BUSINESS TRUST** | ) | Judge William T Ridley, Part I |
| **Defendants.** | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Raymond Gray, by and through her counsel, and for his cause of action, hereby sues Defendants, Walmart, Inc., Wal-Mart Stores East, LP, and Wal-Mart Real Estate Business Trust, and states the following grounds for his cause of action:

**JURISDICTION AND VENUE**

1. Plaintiff Raymond Gray is a resident and citizen of Chattanooga, Hamilton County, Tennessee.

2. Upon information and belief, Plaintiff alleges that Defendant, Walmart, Inc., is a Delaware corporation authorized to conduct and transact business in the State of Tennessee with its principal place of business located at 1 Customer Drive, Bentonville, Arkansas 72712 and is amenable to service of process through its Tennessee designated registered agent, C T Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

3. Upon information and belief, Plaintiff alleges that Defendant, Wal-Mart Stores East, LP, is a Delaware limited partnership authorized to conduct and transact business in the State of Tennessee with its principal place of business located at 1 Customer Drive, Bentonville,



**EXHIBIT B**

Filed 5/14/26
Time 10:42 AM
Jennifer Wilkerson, Clerk
By CP D.C

Arkansas 72712 and is amenable to service of process through its Tennessee designated registered agent, C T Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

4. Upon information and belief, Plaintiff alleges that Defendant, Wal-Mart Real Estate Business Trust, is a Delaware corporation authorized to conduct and transact business in the State of Tennessee with its principal place of business located at 1 Customer Drive, Bentonville, Arkansas 72712 and is amenable to service of process through its Tennessee designated registered agent, C T Corporation System at 300 Montvue Road, Knoxville, Tennessee 37919.

5. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an incident which occurred in Cookeville, Putnam County, Tennessee on or about October 10, 2025.

6. Said incident is the subject matter of this cause of action, and the Defendants are, therefore, subject to the jurisdiction, venue and service of process of this Honorable Court.

**FACTS**

7. Upon information and belief, Plaintiff alleges that at all times pertinent hereto, the premises located at 768 S. Jefferson Ave, Cookeville, TN 38501 was commonly known as Wal-Mart Super Center [hereinafter "Walmart"], and was owned, managed, and/or maintained by the Defendants.

8. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, the Defendants were responsible for safely operating the subject Walmart Store.

9. Upon information and belief, Plaintiff alleges that at all times relevant to the matters alleged herein, the Defendants were responsible for maintaining the subject Walmart Store.

10. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, the Defendants were responsible for inspecting the subject Walmart Store.

11. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, the Defendants were responsible for caring for the subject Walmart Store.

12. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, the Defendants were responsible for cleaning the subject Walmart Store.

13. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, the Defendants were responsible for keeping the subject Walmart Store safe.

14. Upon information and belief, Plaintiff alleges that the Defendants had exclusive control over the area where Plaintiff fell.

15. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, other than the Defendants, no other person or entity was responsible for the care, operation, maintenance, inspection, cleaning, and safe upkeep of the subject Walmart Store.

16. Upon information and belief, Plaintiff alleges that, at all times relevant to the matters alleged herein, the individuals responsible for operating, maintaining, inspecting, caring for, cleaning, and keeping the subject Walmart Store safe were the Defendants and their employees, agents, and/or representatives.

17. On or about October 10, 2025, Plaintiff Raymond Gray was lawfully at the subject Walmart Store as a Walmart customer.

18. On or about October 10, 2025, Plaintiff Raymond Gray was shopping at the subject Walmart Store when suddenly and unexpectedly, he slipped and fell due to stepping in a clear slippery liquid on the floor causing him to become severely injured.

19. When Plaintiff Raymond Gray tripped and fell, he suffered severe injuries, including but not limited to, injuries to his back and hips.

20. At all pertinent times herein, Plaintiff was exercising due care and caution for his own safety and for the safety of others.

21. Plaintiff alleges that the clear slippery liquid on the floor that caused Plaintiff Raymond Gray to slip and fall constituted an unreasonably dangerous condition at the subject Walmart Store.

22. Plaintiff alleges that as the owner(s), operator(s), manager(s), and controller(s) of the subject Walmart Store, the Defendants owed a duty of reasonable care to protect Plaintiff from unreasonable risks of harm and/or to warn her of the existence of dangerous conditions on their premises so that he could avoid injury.

23. Plaintiff alleges that the Defendants had a duty to inspect the subject Walmart Store and prevent a dangerous condition from being created or to exist.

24. Plaintiff alleges that the Defendants had a duty to maintain the subject Walmart Store in a reasonably safe condition, which they failed to do.

25. Plaintiff alleges that the Defendants failed to remove this dangerous condition, thereby failing to keep the subject Walmart Store in a reasonably safe condition.

26. Plaintiff alleges that the Defendants failed to warn customers, including Plaintiff, of this dangerous condition, thereby failing to keep the subject Walmart Store in a reasonably safe condition.

27. Plaintiff alleges that, at all times relevant to the matters alleged herein, the Defendants owed a duty of reasonable care to adequately and appropriately hire, train, retain, and

supervise their employees and agents to ensure that their employees and/or agents acts and/or omissions did not cause harm to its customers.

28. Plaintiff alleges that it was reasonably foreseeable to the Defendants that customers at the subject Walmart Store would come in contact with the clear slippery liquid on the floor while shopping at the subject Walmart Store.

29. Plaintiff alleges that it was reasonably foreseeable to the Defendants that customers of the subject Walmart Store would not see the clear slippery liquid on the floor prior to slipping in it.

30. Plaintiff alleges that the unreasonably dangerous condition posed by the clear slippery liquid on the floor in which Plaintiff slipped and fell was caused by the negligent operation, maintenance, inspection, repair, and/or safe upkeep of the subject Walmart Store by the Defendants acting through their employees, agents, and/or representatives.

31. Plaintiff alleges that the Defendants knew or should have known that the clear slippery liquid on the floor where Plaintiff fell created a dangerous condition for its customers on October 10, 2025.

32. Plaintiff alleges the Defendants had actual and/or constructive notice of the dangerous condition as the condition existed for such a duration that it should have been discovered and removed through the exercise of reasonable care before Plaintiff fell and was injured.

**CAUSE OF ACTION – NEGLIGENCE**

33. Plaintiff specifically reasserts and incorporates by reference each and every fact and allegation contained in the preceding paragraphs above, as if fully set forth herein.

34. Plaintiff charges and avers that the Defendants were under a duty of due care to their customers, including Plaintiff, which is the care that ordinarily careful persons would use to avoid an injury to themselves and/or to others under the same or similar circumstances.

35. Plaintiff charges and avers that the Defendants' acts and/or omissions, individually and/or in concert, created and/or allowed an unreasonably dangerous condition to exist, which constitutes negligence.

36. Plaintiff charges and avers that the Defendants were negligent by failing to take reasonable steps to properly remove/remedy the dangerous condition when they knew or in the exercise of reasonable diligence should have known that there was a clear slippery liquid on the floor and it was reasonably foreseeable that a customer, such as Plaintiff, could be injured while shopping at the subject Walmart Store.

37. Plaintiff charges and avers that the clear slippery liquid on the floor creates a reasonably foreseeable risk of harm and potentially serious injury to customers, while the Defendants could have alleviated this risk of harm by making the unreasonably dangerous condition safe prior to Plaintiff, Raymond Gray's, injury on October 10, 2025.

38. Plaintiff charges and avers that the Defendants and/or their agents, servants, and/or employees, caused or created the dangerous condition by failing to properly inspect, maintain, warn of, and/or remove the clear slippery liquid.

39. Plaintiff charges and avers that the Defendants failed to put in place adequate policies, procedures, customs, regulations, or practices in place to prevent an injury to customers, including Plaintiff.

40. Plaintiff charges and avers that failing to properly inspect, maintain, warn of, and/or remove the clear slippery liquid creates a reasonably foreseeable risk of harm and potentially

serious injury to customers, while the Defendants could have alleviated this risk of harm with proper regulations, polices, protocols, rules, and practices, that should have been in place and followed on October 10, 2025.

41. Plaintiff charges and avers that, at all times relevant to the matters herein, all of the Defendants' employees, agents, and/or representatives who were responsible for inspecting the area, maintaining the area, observing the area, cleaning the area, and keeping the area safe were working within the course and scope of their employment and/or agency with the Defendants.

42. Plaintiff further charges and avers that the Defendants are vicariously liable under the doctrine of *respondeat superior* for the acts and omissions of their employees, agents, and/or representatives who were negligent in carrying out their duties, including inspecting, maintaining, cleaning, and keeping safe, the subject Walmart Store.

43. Plaintiff charges and avers that the Defendants, by and through their employees, agents, and/or representatives, were negligent in failing to act with ordinary and reasonable care including, but not to be limited to, in the following ways:

a. In negligently and carelessly failing to maintain the subject area in a reasonably safe condition;

b. In negligently and carelessly failing to inspect and/or remedy such an unreasonably dangerous condition;

c. In negligently and carelessly failing to warn Plaintiff as to the existence of such an unreasonably dangerous condition;

d. In negligently and carelessly failing to take the necessary steps to prevent a dangerous situation when the Defendants knew, or in the exercise of reasonable care, should have known that the unreasonably dangerous condition could occur;

e. In negligently and carelessly failing to take the necessary steps to correct a dangerous situation when the Defendants knew, or in the exercise of reasonable care, should have known that the unreasonably dangerous condition existed;

f. In negligently and carelessly failing to take the necessary steps to assure the safety of Plaintiff when the Defendants knew, or in the exercise of reasonable care, should have known that an injury was reasonably foreseeable as a direct and proximate result of the clear slippery liquid on the floor;

g. In negligently failing to have any rules, regulations, or policies in place that would have prevented or corrected the dangerous condition;

h. In negligently failing to hire experienced and responsible employees;

i. In negligently failing to train employees on how to properly maintain, inspect, care for, clean, and keep safe the subject Walmart Store; and

j. In negligently failing to supervise employees.

44. Plaintiff charges and alleges that one, some, or all of the aforesaid acts and/or omissions of negligence by the Defendants and/or their agents, servants, and/or employees, were the direct and proximate cause of Plaintiff's resulting injuries and damages, to be hereinafter set out with more particularity.

**DAMAGES**

45. Plaintiff specifically reasserts and incorporates by reference each and every fact and allegation contained in the preceding paragraphs above, as if fully set forth herein.

46. As a direct, proximate, and legal result of the negligence of the Defendants and their employees, agents, and/or representatives, Plaintiff Raymond Gray suffered serious, disabling, painful, and permanent bodily injuries which would not have otherwise occurred absent the Defendants' negligence and which required Plaintiff to undergo reasonable and necessary medical care and treatment, including but not limited to orthopedic care.

47. As a direct, proximate, and legal result of the negligence of the Defendants, the Plaintiff is entitled to damages and seeks all recoverable damages arising out of his injuries, including but not limited to the following specific items of damages:

a. Physical pain, both past and future;

b. Emotional suffering and grief, both past and future;

c. Medical and other health care expenses, both past and future;

d. Lost wages and lost earning capacity;

e. Loss of enjoyment of life, both past and future; and

f. Permanent injury.

48. Plaintiff Raymond Gray seeks all recoverable damages allowed under Tennessee law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Raymond Gray prays for the following relief:

1. That this matter be tried before a jury of twelve;
2. That she be awarded compensatory damages by the jury against the Defendants in an amount of THREE HUNDRED THOUSAND DOLLARS ($500,000.00);
3. For all other general and special damages to be found to be caused by the conduct of the Defendant;
4. For costs of this matter to be taxed to the Defendants;
5. That she be awarded all discretionary costs and post-judgment interest as allowed by law; and
6. For all other relief to which the Plaintiff may be entitled by law and equity.

Respectfully submitted,

Shelby Patrick

Shelby Patrick (BPR# 036151)
**Morgan & Morgan – Nashville, PLLC**
150 4th Ave. North, Suite 300
Nashville, TN 37219
shelby.patrick@forthepeople.com
Phone: (629) 221-6514
Fax: (615) 208-9337
*Counsel for Plaintiff*